UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL BOGONI,<br><br>        Plaintiff,<br><br>vs.<br><br>VICDANIA GOMEZ,<br><br>        Defendant. | Case No. 11 CIV 8093 (RJH)<br><br>ECF Case<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Paul Bogoni (hereinafter "Plaintiff" or "Mr. Bogoni"), sues Defendant, Vicdania Gomez, and states as follows:

1.  This is an action seeking award of two internet domain names and damages against a cybersquatter who has misappropriated the domain names found at the uniform resource locator ("URL") <paulbogoni.com> and <paulbogoni.org> (the "Domain Names"), both of which contain the precise spelling of Plaintiff's legal name. Plaintiff seeks redress pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 8131.

**THE PARTIES, JURISDICTION AND VENUE**

2.  Plaintiff is a *sui juris* individual resident of New York, New York.

3.  Defendant, upon information and belief, is a *sui juris* individual resident of New York, New York.

4.  This Court has subject-matter jurisdiction of this cause pursuant to 28 U.S.C. §§ 1331 because this case arises under the Anticybersquatting Consumer

Protection Act, 15 U.S.C. § 8131. This Court has personal jurisdiction over Defendant because she resides in the district and division where the action has been brought.

5. Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391 because Defendant resides in this judicial district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTUAL ALLEGATIONS

6. Defendant is the registrant and owner of the domain name <paulbogoni.org>, as evidenced by Exhibit "A". This domain name precisely tracks the spelling of Plaintiff's legal name.

7. Upon information and belief, Defendant registered and is the owner of the domain name <paulbogoni.com>, which also tracks the spelling of Plaintiffs legal name. Defendant is the administrative and technical contact for <paulbogoni.com>, as evidenced by Exhibit "B", and such domain name was falsely registered in the name of Victoria Bogoni, who is Defendant's minor daughter.

8. Defendant registered the Domain Names on or about October 25, 2011, with domain-name registrar GoDaddy.com, Inc. at a cost of approximately $11.99 for <paulbogoni.com> and $6.99 for <paulbogoni.org>.

9. Defendant has used the Domain Names on the Internet.

10. The Defendant has used the Domain Names in an attempt to extort two million dollars from the Plaintiff and/or third parties. The domain name <paulbogoni.org> currently resolves, and at least since November 3, 2011 has resolved, to a website that contains the following public notice: "**I will am** [sic] **also selling this domain name www.PAULBOGONI.ORG and www.PAULBOGONI.COM for**

2

$1Million (ONE MILLION DOLLARS) each." A copy of this web page is attached as Exhibit "C".

11. Defendant has made a commercial use of the Domain Names by using Plaintiff's name and by doing so with the intent of selling the Domain Names to Plaintiff and/or to a third party.

12. Defendant registered and has used the Domain Names with the bad-faith intent to profit from said use.

13. Plaintiff did not authorize Defendant to use or register the Domain Names bearing his full name.

14. Plaintiff is a prominent real estate investor and philanthropist in the New York metropolitan area. Plaintiff's name appears in the New York media, and in the name of his foundation, the Paul and Irene Bogoni Foundation, which has given several million dollars to charitable causes.

15. Upon information and belief, Defendant has never been known by the name Paul Bogoni.

16. Defendant has not made any legitimate noncommercial or fair use of the Domain Names. Defendant has not used the Domain Names in connection with any bona fide offering of goods and services.

17. Defendant's conduct has caused Plaintiff to lose control over the reputation and goodwill associated with this personal name, both for personal and business purposes, and he has suffered and continues to suffer other immeasurable damages. For the harm and loss Plaintiff has suffered and for the harm and loss that will continue but for the intervention of this Court, the Plaintiff has no adequate remedy at

3

law. Unless Defendant is enjoined from further misuse of the Domain Names, Plaintiff will suffer irreparable harm because the damages sustained will be immeasurable, unpredictable, and unending. Moreover, the Anticybersquatting Consumer Protection Act specifically provides for injunctive relief in this circumstance. See 15 U.S.C. 8131(2).

18. Defendant's misuse of the Domain Names is intentional and willful.

19. All conditions precedent to the bringing of this action have been performed, waived or excused.

20. Plaintiff has engaged the undersigned attorneys to prosecute this action, and has agreed to pay said attorneys a reasonable fee for their services.

### COUNT I

**(Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. §§ 8131)**

21. The Domain Names consist of the name of another living person, specifically that of Plaintiff, and the Plaintiff uses this name both as his personal name, and also as a source of business identity.

22. Defendant registered the Domain Names without Plaintiff's consent, and did so with the specific intent to profit from such name by selling the Domain Names for financial gain to the Plaintiff or any third party.

23. Defendant has used, and continues to use, the Domain Names with the bad-faith intent to profit from said use.

24. Upon information and belief, Defendant's legal name is not "Paul Bogoni," nor is such name commonly used to identify Defendant.

25. Upon information and belief, Defendant has no trademark or any other intellectual property rights in the Domain Names.

26. Defendant has not used the Domain Names in connection with the bona fide offering of any goods or services, nor for any other good faith purpose.

27. Defendant has made no good faith use of the Domain Names, nor did she register the Domain Name in good faith.

28. Through use of the Plaintiff's well known name, Defendant intended to and actually did divert consumers, associates, customers, and/or business contacts to sites accessible under the Domain Names that could harm the goodwill represented by the name "Paul Bogoni" for commercial gain or with the intent to tarnish or disparage the name, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the sites.

29. Defendant offered to sell the Domain Names for financial gain without having used or having any intent to use the Domain Names in the bona fide offering of any goods or services. In fact, Defendant only owned the Domain Names for no more than ten (10) days before offering to sell them for one million dollars each.

30. Defendant's conduct as described above has caused irreparable and substantial harm to Plaintiff and his reputation and goodwill.

31. As a direct result of Defendant's conduct, Plaintiff has been substantially harmed. Accordingly, Plaintiff seeks recovery from Defendant of all amounts to which Mr. Bogoni is entitled, including, without limitation, Defendant's profits from use of the Domain Names, an award of damages in the maximum amount permitted by law, transfer of the domain name to Mr. Bogoni, a preliminary and permanent injunction requiring

divestiture of the domain names, attorneys' fees, the costs of suit and such further relief that the Court considers just.

32. Title 15 U.S.C. § 8131(2) specifically provides for injunctive relief, costs, and attorneys fees.

WHEREFORE, Plaintiff prays for the following relief:

1. That Defendant and all persons acting in concert with him be preliminarily and permanently enjoined from using the domain names <paulbogoni.com> and <paulbogoni.org>, and that Defendant be ordered to file with the Court and serve on Mr. Bogoni within thirty (30) days after the service on Defendant of such injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

2. That Defendant be ordered to transfer the Domain Names to Mr. Bogoni pursuant to 15 U.S.C. § 8131(2);

3. That Mr. Bogoni receive and recover from Defendant statutory damages of $100,000 per violation, as well as all damages sustained;

4. That Defendant be ordered to pay Mr. Bogoni his reasonable costs, expenses, and attorneys fees incurred in prosecuting this action, pursuant to 15 U.S.C. § 8131(2);

5. That Mr. Bogoni be awarded pre and post-judgment interest to the maximum extent allowed by law; and

6. That Mr. Bogoni be awarded such other and further relief to which he may be justly entitled.

Dated:      November 9, 2011
            New York, New York

                                    LEWIS & LIN, LLC

                                    By: _____
                                    David D. Lin (DL-3666)
                                    45 Main Street, Suite 608
                                    Brooklyn, NY 11201
                                    Tel: (718) 243-9323
                                    Fax: (718) 243-9326

                                    *Attorneys for Plaintiff Paul Bogoni*

## VERIFICATION

I, PAUL BOGONI, verify, under the penalty of perjury, that the following is true and correct:

I am the Plaintiff in this matter. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

DATED:      New York, New York
            November 9, 2011                       _____
                                                   Paul Bogoni