```
USDC SDNY
DOCUMENT
ELECTRONiCALLY FILED
DOC #:_____
DATE FILE NOV 1 3 2012
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                          :
PAUL BOGONI,                                              :
                                                          :
                                    Plaintiff,            :
              -v-                                         :
                                                          :
VICDANIA GOMEZ,                                           :
                                                          :
                                    Defendant.            :
                                                          :
-----------------------------------------------------------X

11 Civ. 8093(KBF)

MEMORANDUM DECISION &
ORDER

KATHERINE B. FORREST, District Judge:

It is clear that the marital dispute between the parties has spilled over into

this civil dispute--and has impacted the parties' ability to resolve this action

without court intervention.

Judgment on the underlying action was entered in favor of plaintiff on

September 27, 2012.  Plaintiff now moves for attorneys' fees as the prevailing party

under the Anticybersquatting Consumer Protection Act ("ACPA").  The motion was

fully submitted as of November 6, 2012.

For the reasons set forth below, the motion is GRANTED to the extent that

the Court will award fees.

The Court, however, declines to award the full amount of fees' requested

($70,699), and will determine the appropriate award upon further submission from

plaintiff's counsel, as discussed below.

I.    BACKGROUND

Plaintiff Paul Bogoni filed this action on November 9, 2011, against his ex-wife, defendant Vicdania Gomez,[1] alleging violations of the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 8131, based upon defendant's use of plaintiff's proper name in two domains registered to defendant--<paulbogoni.com> and <paulbogoni.org>.

Plaintiff thereafter filed a motion for preliminary injunction, seeking to enjoin defendant from the use of his name with respect to the two domains.  On December 20, 2011, the Court heard oral argument from both parties on the preliminary injunction motion (Dkt. No. 11), and on January 6, 2012, issued a preliminary injunction against plaintiff, see Bogoni v. Gomez, 847 F. Supp. 2d 519 (S.D.N.Y. 2012).[2]  The Court found that "defendant, by registering the Domain Names without plaintiff's consent, specifically intended to profit by the sale of the Web sites, in violation of" the ACPA--and that defendant did not qualify for the "good faith" exception to liability under the statute.  Id. at 525-26.  Indeed, the Court found that "while evidence of good faith is entirely absent from the record here, evidence of [defendant's] bad faith abounds."  Id. at 526.

After attempts to set a status conference, which failed due to defendant's non-appearance, on March 16, 2012, the Court set a schedule to proceed on the merits of this action.  (Dkt. No. 21.)  After being informed on June 25, 2012 that the

---

[1] For nearly the entirety of this proceeding, defendant proceeded pro se.  Counsel for defendant appeared for the first time on October 18, 2012.  (Dkt. No. 55.)

[2] This action was transferred to the undersigned from the Hon. Richard J. Holwell on February 9, 2012.  (Dkt. No. 14.)

2

parties had reached an agreement in principle to settle the action (Dkt. No. 27), the Court was informed that the settlement had fallen apart and thus reopened the action on July 25, 2012 (Dkt. No. 29).

On September 27, 2012, this Court struck defendant's answer after her numerous failures to appear at court-ordered conferences--and numerous warnings from the Court that continued failure to appear for court-ordered conferences would result in the imposition of sanctions--namely, striking her answer.  (Dkt. No. 48.) As a result of striking defendant's answer, the Court entered a default judgment in plaintiff's favor.  (Id.)  The instant motion for attorneys' fees followed.

II.    ATTORNEYS' FEES

Section 8131 of the ACPA imposes civil liability on "[a]ny person who registers a domain name that consists of the name of another living person, or a name substantially and confusingly similar thereto, without that person's consent, with the specific intent to profit from such name . . . ."  15 U.S.C. § 8131(1)(A). Under the ACPA, the court may issue an injunction and, "in its discretion, award costs and attorneys fees to the prevailing party."  15 U.S.C. § 8131(2).

There is little caselaw providing guidance on an award of fees under section 8131 of the ACPA--one intended for cyberpiracy protection for individuals. Violations of the ACPA are more commonly brought pursuant to 15 U.S.C. § 1125(d)--the cyberpiracy arm of the Lanham Act.  Accordingly, the Court looks for instruction from the standard for an award of fees under the Lanham Act, 15 U.S.C.

3

§ 1117(a)--as well as the few cases interpreting 15 U.S.C. § 8131(2) and 15 U.S.C. § 1125(d)--to determine the propriety of an award of fees here.

Attorneys' fees are warranted where the case involves "fraud, bad faith, or willful" conduct. See Patsy's Italian Restaurant, Inc. v. Banas, 658 F.3d 254, 268 (2d Cir. 2011) (fee award under 15 U.S.C. § 1117(a)); see also HER, Inc. v. Re/Max First Choice, LLC, No. C2-06-492, 2011 WL 6019438, at *3 (S.D. Ohio Dec. 1, 2011) (a finding of "bad faith" alone does not compel an award of attorneys' fees under the ACPA, but where cybersquatting was "malicious, fraudulent, willful or deliberate," "a court would be well within its discretion in determining that bad faith under the ACPA supports finding such conduct." quotation marks omitted)); Citigroup, Inc. v. Chen Bao Shui, 611 F. Supp. 2d 507, 513 (E.D. Va. 2009) ("Defendant's violative use has been established as sufficiently willful, deliberate, and performed in bad faith to merit the maximum statutory award of $100,000 [under the ACPA] and attorneys' fees."). "As for cybersquatting, 'courts generally consider a number of factors, including the egregiousness or willfulness of the defendant's cybersquatting . . . and other behavior by the defendant evidencing an attitude of contempt towards the court of the proceedings." Belks Media v. OnlineNIC, No. C09-00198, 2010 WL 7786122, at *3 (N.D. Cal. Aug. 23, 2010) (quoting Verizon Calif., Inc. v. OnlineNIC, Inc., No. C 08-2832, 2009 WL 2706393, at *3 (N.D. Cal. Aug. 25, 2009)).

Here, the Court finds that defendant's conduct meets the factors set forth by the Belks Court to merit an award of attorneys' fees.

First, defendant's use of plaintiff's name in the domains was sufficiently willful. As discussed above, in its preliminary injunction decision, the Court found that "evidence of [defendant's] bad faith abounds" with regards to her registration and use of plaintiff's name in connection with the domains. Bogoni, 847 F. Supp. 2d at 526. The Court reached that conclusion after finding meritless the various explanations defendant provided for her actions in relation to the domains. Id.

Second, the Court finds that defendant has evidenced contempt towards the Court throughout these proceedings. Defendant has violated a number of court orders that required defendant to appear to discuss proceeding on the merits of the case. Both in proceeding pro se and through counsel, defendant has attempted to obfuscate the merits of this case with unnecessarily probative information regarding the parties' personal relationship (including in opposition to this instant motion). Further, defendant's representation to the Court on this motion that she was willing to turn over the domains at any time during the pendency of this action without compensation demonstrates a contempt--or at a minimum, disrespect--for this Court in that such statement is belied by the fact that (1) defendant never did willingly turn over the domains to plaintiff, and (2) defendant represented at a settlement discussion with the magistrate judge that she would only do so for $5,000 per domain name.

In other words, the Court finds that defendant has acted in bad faith and willfully in both the use of the domains and in her dealings with this Court. Accordingly, the Court finds that attorneys' fees are warranted in this ACPA action.

III.    AMOUNT OF FEES

Plaintiff's counsel has submitted only a generalized statement of fees (supported by as general a statement in his own affidavit) indicated that he charged $70,699.00--i.e., 195 hours billed at a rate of $385 per hour.  Plaintiff has not submitted any documentation to support the hours billed, nor has he provided a description of the tasks performed, who performed the tasks, and how long the tasks took.  In the absence of any detail supporting the number of hours expended in this nearly year-long action, the Court requires more detail to determine the proper amount of a fee award.

Defendant's counsel requests that the Court decline to award fees based upon defendant's dire financial status.  As discussed above, the Court finds that defendant's conduct merits fees.  The Court will, however, preclude an award of fees for any time plaintiff's counsel expended in this matter prior to January 6, 2012--the date of issuance of the preliminary injunction--because the Court finds that defendant may not have understood prior to that time that her use of plaintiff's name in the domains was illegal.

IV.    CONCLUSION

For the aforementioned reasons, plaintiff's motion for attorneys' fees is GRANTED IN PART and DENIED IN PART.  The motion is granted to the extent that the Court will award some fees; it is denied to the extent that the Court will not award the full $70,699.00 in fees that plaintiff seeks.

6

IT IS ORDERED that no later than **November 19, 2012**, plaintiff's counsel must submit an affidavit with any supporting documentation showing a detailed breakdown of the hours expended--and by whom and at what rate--from January 6, 2012, through September 27, 2012. The supporting materials should also detail the tasks for which the hours were expended as well as the role of the individual performing the tasks and the hourly rate at which that individual is billed. The Court will thereafter assess the amount of attorneys' fees will be awarded.

The Clerk of the Court is directed to terminate the motion at Docket No. 51.


SO ORDERED:

Dated: New York, New York
       November 13, 2012


                              _____
                                    Katherine B. Forrest
                              UNITED STATES DISTRICT JUDGE